UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SITHA SAVATDY, | ) | CASE NO. 4:11 CV1188 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| HARLEY G. LAPPIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* petitioner Sitha Savatdy filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Harley G. Lappin, Director of the Bureau of Prisons (BOP); John D. Ferguson, President & CEO of Corrections Corporation of America (CCA); and Roddie Rushing, Warden of Northeast Ohio Correctional Center (NEOCC) in Youngstown, Ohio.

Petitioner, who is incarcerated at NEOCC, seeks immediate transfer to a low level security BOP facility, and a declaration that a contractual arrangement between CCA and the BOP is null and void. Petitioner also filed a Motion Seeking Leave to Add Further Documents To Filing in Support of his Original Petition. (Doc. No. 4) For the following reasons, the motion is granted and the Petition is denied.

*Background*

The Petition alleges the following. Petitioner is a non-citizen resident of the United States from Laos. Following his conviction, petitioner was sentenced in 2005 by the United States District Court for the Southern District of South Dakota to a term of 121 months imprisonment, followed by 5 years supervised release. Upon being remanded to BOP custody, petitioner was classified as a low security inmate. As of July 2008, petitioner had no immigration detainer filed against him. On December 2, 2009, the BOP transferred him to NEOCC based on his nationality, country of origin, and immigration status. NEOCC staff advised petitioner that the transfer was based on a contractual arrangement between CCA and the BOP.

The Petition raises two grounds for relief: (1) his transfer violates the Fifth and Fourteenth Amendments to the United States Constitution and (2) the contract between CCA and the BOP is illegal and unconstitutional.

*Standard*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a complaint filed by a plaintiff proceeding *in forma pauperis* shall be dismissed with prejudice if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[1] A complaint is frivolous "where it lacks an arguable

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it "contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28).

Dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 866. *See also Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). The court must "'construe the complaint in the light most favorable to plaintiff [and] accept all well-pleaded factual allegations as true.'" *Thomas*, 481 F.3d at 437 (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). In addition, pleadings filed by a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers," and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

*Analysis*

Under 28 U.S.C. § 2241, a prisoner may challenge the execution of his sentence or the manner in which his sentence is being served. *Lee v. Rios,* 360 Fed.Appx. 625 (6th Cir. 2010) (citations omitted). A § 2241 petition can be used to challenge the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). "But a challenge to the BOP's determination of whether to transfer an inmate to another institution is a quintessential 'conditions of confinement' claim which must be asserted under the civil rights laws." *Reyes v. Holland,* 2011 WL 3610068 (E.D.Ky. August 16, 2011) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir.2004).

-3-

Petitioner specifically alleges that the transfer violates his Fifth and Fourteenth Amendment rights. This constitutes a *Bivens* claim, not a habeas petition. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388(1971). Furthermore, petitioner's contract claim does not challenge the fact or duration of his confinement.

For these reasons, this Court lacks habeas jurisdiction over the Petition.

*Conclusion*

Based on the foregoing, the Petitioner is granted leave to proceed *in forma pauperis* (Doc. No. 2) and his Petition is denied pursuant to 28 U.S.C. § 2243. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 11/8/11